**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, *et al.*, | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | Civil Action No. 23-21608 (KMW-SAK) |
| v. | |
| A&R FENCE AND GUIDE RAIL LLC, | **OPINION** |
| Defendant. | |

APPEARANCES:

RICHARD J. DEFORTUNA, ESQ.
MARKOWITZ & RICHMAN
123 S. BROAD STREET, SUITE 2020
PHILADELPHIA, PA

   *Counsel for Plaintiffs*

**WILLIAMS, District Judge:**

## I.  INTRODUCTION

Teamsters Pension Trust Fund of Philadelphia and Vicinity, Teamsters Health & Welfare Trust Fund of Philadelphia and Vicinity, and Maria Scheeler (collectively "Plaintiffs"), brings this action against Defendant A&R Fence and Guide Rail LLC alleging that they violated Section 301 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and to compel Defendant's compliance with the terms of the collective bargaining agreements and trust agreements, as well as to collect unpaid fringe benefit contributions.

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 7). To date, Defendant has not filed an appearance nor responded to the Complaint or the instant motion. For the reasons that follow, Plaintiffs' Motion for Default Judgment is **GRANTED**.

## II.  BACKGROUND

Defendant was and is currently a signatory to a collective bargaining agreement with Local 676 ("Labor Contract"), and is a contributing participating employer to the Funds as dictated by the terms of the Labor Contract, which requires Defendant to make, and file timely reports regarding, required contribution payments to the Funds on a monthly basis for each of the employees that were covered by the Labor Contract. Compl. ¶¶ 9-11. Defendant is also bound to produce the books and records required for Plaintiffs to perform audits to confirm that remittances are being supplied for all eligible and participating employees. *Id.* ¶ 11. Beginning in May of 2022, Defendant refused to provide the documents required for Plaintiffs to perform an audit. *Id.* ¶ 12. On August 31, 2023, and September 19, 2023, Plaintiffs' attorney wrote to Defendant to explain why an audit was considered necessary and that lack of compliance with the Labor Contract terms would result in litigation. *Id.* ¶¶ 13-14. To date, Plaintiffs have not received any

of the requested documents, nor have they been able to perform an audit of Defendant's contributions. *Id.* ¶ 15; *see also* M. for Default Judgment at 5.

On October 30, 2023, Plaintiffs filed a Complaint against Defendant. ECF No. 1. That same day, Summons were issued to Defendants. ECF No. 3. On December 4, 2023, Summons were returned executed. ECF No. 4. On January 4, 2024, a Clerk's Entry of Default was entered, and on March 28, 2024, Plaintiffs filed an Affidavit of Service for the Request for Entry of Default. ECF No. 6. On May 20, 2024, Plaintiffs filed the instant motion for Default Judgment. ECF No. 7. On May 29, 2024, Plaintiffs filed an Affidavit of Service for the Motion for Entry of Default. ECF No. 8.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 55(b)(2)

Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that has failed to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2); *see also Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017). Rule 55 establishes a two-step process for obtaining a default judgment: (1) the party seeking default must obtain an entry of default by the Clerk of the Court; and (2) once the Clerk of the Court has entered the default, the party can seek a default judgment. It is within the discretion of the district court whether to grant a motion for default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (explaining that the entry of default by the Clerk does not automatically entitle the non-defaulting party to default judgment; rather, the entry of default judgment is left primarily to the discretion of the district court). "Once a party has defaulted, the consequence is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Tri-Union*

3

*Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.*, No. 20-9537, 2021 WL 1541054 at *3 (D.N.J. Apr. 20, 2021). With regard to damages, the Court may order or permit the plaintiff to provide additional evidence to support their allegations. *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210 at *5 (D.N.J. May 1, 2012).

The moving party is not entitled to default judgment as a right; rather, the Court may enter a default judgment "'only if the plaintiff's factual allegations establish the right to the requested relief.'" *Dellecese*, 2017 WL 957848, at *2 (quoting *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012)); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (stating that "this court does not favor entry of defaults and default judgments" and noting the Court's preference that cases be decided on the merits).

Accordingly, before granting default judgment, a court must determine: (1) it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. *See Tri-Union Seafoods, LLC*, 2021 WL 1541054 *3. Further, the Court must consider the additional following factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.* (quoting *Chamberlain*, 210 F.3d at 164) (internal quotations omitted).

### IV. DISCUSSION

As set forth *supra*, obtaining a default judgment pursuant to Fed. R. Civ. P. 55 is a two-step process: first the Clerk of the Court must enter a defendant's default after the properly served defendant failed to plead or otherwise defend itself. Once the entry has been made by the Clerk, a

4

plaintiff can request the Clerk enter default judgment when a plaintiff's claim is for a sum certain, but in all other cases, such as the instant case, a plaintiff must apply to the court for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Here, the Clerk of the Court entered default on January 4, 2024, against Defendant for failing to plead or otherwise defend itself following the summons returned as executed on December 4, 2023. ECF No. 4. Since then, the docket reflects that Defendant has not made an appearance or responded to this case. Thus, the first step is satisfied, and the Court will proceed to determine whether the entry of a default judgment is proper in this case.

### A. Jurisdiction

"Before entering a default judgment as to a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Tri-Union Seafoods, LLC*, 2021 WL 1541054 at *3 (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, *2 (D.N.J. Jan. 22, 2015)) (internal citations omitted). Thus, the Court must first determine personal and specific jurisdiction over the Defendants, as well as subject matter jurisdiction, before it can proceed to any other aspect of the default judgment motion.

To establish personal jurisdiction over a limited liability company, the court must determine the citizenship of each of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Here, Plaintiffs assert Defendant's member is a citizen of New Jersey. *See* Letter (ECF No. 12) at 3-4. Therefore, this Court finds that it has personal jurisdiction over Defendant.

Further, the Court must ensure that its assertion of jurisdiction comports with the concepts of fair play and substantial justice. *Ross Univ. Sch. of Med.*, 2014 WL 29032 at *13 (citing *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). At this step, the burden would normally fall on the defendant to show that the assertion of jurisdiction is unconstitutional. *Id.* (citing *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)). However, Defendant has failed to appear in this case. Thus, the Court has carefully reviewed the record and has found no evidence in the record to suggest that it would be unfair or against the concept of substantial justice to have Defendant, a business located and operated within the State of New Jersey and a New Jersey citizen, to answer a Complaint in a federal court in their home State. Therefore, the Court finds that it has specific jurisdiction over Defendant.

The Court has subject matter jurisdiction over Plaintiffs' claims in that the claims arise pursuant to ERISA, 29 U.S.C. §§ 1132. The Court is satisfied that the prerequisites for jurisdiction are met in this matter.

### B. Proper Service

The Federal Rules for executing service provide that "a domestic or foreign corporation, or a partnership or other unincorporated association . . . must be served in a judicial district of the United States, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(1)(B).

Here, Plaintiffs filed the executed summons on December 4, 2023. *See* ECF No. 4. The filing indicates that "Bob Easel," the "owner" was personally served the summons and Complaint. ECF No. 10.[1] The summons was served by an adult without a direct interest in the litigation and declared that the above information was true and correct under penalty of perjury. *Id.* The Court notes that Robert Esau signed the collective bargaining agreement as "Owner" on behalf of A&R

---

[1] Importantly, the Court notes that Plaintiffs' affidavit of service that was submitted as Exhibit 3 to ECF No. 12 identifies "Robert Easel" as an "A/K/A" for Robert Esau.

6

Fence and Guard Rail, LLC effective between May 1, 2018, and April 30, 2021. *See* Complaint at Ex. C; M. for Default Judgment at Ex. A1. This is sufficient for the Court to ascertain that Robert Esau a/k/a Robert Easel acted as an agent on behalf of the company at issue in this matter. *See Radius Bank v. Revilla & Co.*, No. 20-1370, 2021 WL 794558 at *3, (D.N.J. Mar. 2, 2021) (noting that process served upon an owner who also was a signatory of the Note at issue in the action was sufficient to establish proper service pursuant to Rule 4(h)). Thus, the Court is satisfied that proper service was made to Defendant.

### C. Sufficiency of Causes of Action

Next, the Court must consider whether the undisputed facts provided in Plaintiffs' complaint allege legitimate claims. *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795 at *1 (D.N.J. Feb. 24, 2015) ("The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered.") (citations omitted); *see also Mancuso*, 2012 WL 1536210 at *2.

Here, Plaintiffs allege violations under ERISA. Pursuant to Section 209(a), an employer such as Defendant is required to "maintain records with respect to each of his employees sufficient to determine the benefits due," and to make records "available for examination." 29 U.S.C. § 1059(a)(1); § 1027. Further, the Labor Contract also includes provisions for the same. *See* M. for Default Judgment, Ex. A1 at Art. 24, Secs. 6 and 7(b), Art. 25, Secs. 6 and 7(b); Ex. A2 at Art. IV, Secs. 2(d) and (aa); Ex. A3 at Secs. 4, 24(j) and (m). Section 515 of ERISA requires employers to make all contributions in accordance with the terms and conditions of their collective bargaining agreement. *See* 29 U.S.C. § 1145. ERISA further provides a civil cause of action for any violations, including for delinquent contributions, permitting the Court to award: unpaid contributions, and interest on same; an amount equal to or the greater of either the interest on the

unpaid contributions or liquidated damages provided for under the plan not in excess of 20% of the unpaid contributions; reasonable attorney's fees and costs; and any other equitable relief the Court deems appropriate. *See* 29 U.S.C. § 1132(g).

Here, Plaintiffs allege that Defendant refused to provide Plaintiffs access to those records required by the Labor Contract to perform an audit, which are necessary in order to determine whether a contributing employer has made all required contributions and correctly reported hours worked by and paid to its employees, and to ensure that all eligible employees performing covered work have been identified. *See* M. for Default Judgment at 5. Plaintiffs assert that they sent two letters explaining to Defendant its obligation pursuant to the Labor Contract, but that Defendant did not permit access. *See* Compl. ¶¶ 13-14. These allegations, accepted as true for purposes of deciding this motion, are sufficient for the Court to find that Plaintiff has stated viable causes of action for violation of ERISA.

### D. Default Judgment is Proper

Finally, the Court must consider whether the entry of default judgment is proper in the context of the instant case. In making this determination, the Court must consider several additional factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 686 (D.N.J. 2015) (internal citations and quotations omitted).

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). However, Defendant has not responded to this case, and such a failure prevents the Court from being able to ascertain

8

any litigable defenses. *United States v. Vo*, No. 15-6327, 2016 WL 475313 at *3 (D.N.J. Feb. 8, 2016) (citing *Prudential Ins. Co of America v. Taylor*, No. 08-2108, 2009 WL 536403 at *1 (D.N.J. Feb. 27, 2009)). Therefore, no meritorious defense presently exists with respect to deciding this motion for default judgment.

Next, the Court must determine if a plaintiff will suffer prejudice by a defendant's failure to respond. Typically, default causes prejudice to a plaintiff "because it has been prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Innovative Sports Mgmt., Inc. v. Tumi Int'l, Inc.*, No. 20-14253, 2021 WL 4026112 at *3 (D.N.J. Sept. 2, 2021) (internal citations and quotations omitted). Additionally, without the remedy of default judgment, a plaintiff facing a defendant that refuses to engage will be prejudiced because it has "no other means of seeking damages for the statutory harms caused by Defendant." *Dellecese*, 2017 WL 957848, at *3.

Here, Defendant was properly served and has not appeared. Plaintiffs remain unable to conduct their audit to determine whether Defendant has made the requisite contributions to the Funds. Defendant's failure to comply with its obligations has caused additional administrative expenses, draining the Funds' resources, as well as lost income from those contributions that would have been invested. *See* M. for Default Judgment at 8. Without entry of default judgment, Plaintiffs would have no other means of redress.

Similarly, Defendant's complete failure to answer or respond in this case "evinces the Defendant's culpability[.]" *Teamsters Pension Fund of Philadelphia & Vicinity*, No. 11-624, 2011 WL 4729023 at *4 (D.N.J. Oct. 5, 2011); *Interstate Realty Mgmt. Co. v. PF Holdings, LLC*, No. 16-4095, 2017 WL 53707 at *3 (D.N.J. Jan. 4, 2017) (finding that a defendant "may be presumed culpable for their inaction."). There is nothing in the record to show that Defendant's failure to

respond was not willfully negligent, and therefore the Court is satisfied that such inaction supports a finding that Defendant is culpable. *Prudential Ins. Co. of America*, 2009 WL 536043 at *1.

As a result, the Court is satisfied that all factors support the entry of a default judgment and will grant Plaintiffs' motion.

### E. Attorney's Fees and Costs

At this juncture, Plaintiffs seek attorney's fees and costs in the amount of $12,953.78, and requests the Court to order Defendant to submit to an audit to determine whether the proper contributions were made and whether all eligible workers are included. 29 U.S.C. § 1132 provides for such civil enforcement, and states in pertinent part:

> (1) In any action under this title (other than an action described in paragraph 2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
>
> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
>> (A) the unpaid contributions,
>>
>> (B) interest on the unpaid contributions,
>>
>> (C) an amount equal to the greater of—
>>
>>> (i) interest on the unpaid contributions, or
>>>
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

10

With regard attorney's fees and costs, the Court must perform a lodestar calculation by "determin[ing] the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." *Trs. of Int'l Union of Painters v. Leo Constructing, LLC*, No. 22-4645, 2024 WL 659346 at *6 (D.N.J. Feb. 16, 2024) (quoting *United Auto Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007)). To perform this analysis, a party must provide the Court "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." *Id.*

Here, Plaintiffs' counsel provided affidavits representing the work of two experienced attorneys charging $530 per hour for 11.60 hours of work for each client, culminating to $12,953.78 in attorney's fees. Counsel charged both clients for costs related to photocopying, postage, service of process, and filing fees, resulting in $328.89 for each client for a total of $657.78. *See* M. for Default Judgment at Exs. B, B1. The Court finds that the hourly rates and hours expended are reasonable in light of the nature of the case and services rendered, and that the costs as specified in the motion are reasonable. *See IUE Multi-Emplr. Pension Fund v. M&C Vending, Inc.*, No. 11-4335, 2013 WL 2007298 at *4 (D.N.J. May 10, 2013) (granting plaintiffs' motion for default judgment on an ERISA claim and awarding $12,525.00 in attorneys' fees and $363.76 in costs); *Trs. of Int'l Union of Painters v. Impact Storefront Designs LLC*, No. 22-667, 2023 U.S. Dist. LEXIS 227335 at *12 (D.N.J. Dec. 20, 2023) (granting plaintiffs' motion for default judgment on an ERISA claim and awarding $10,594.50 in attorneys' fees and $482.00 in costs).

With regard to Plaintiff's request for this Court to order an audit, such is permissible pursuant to 29 U.S.C. § 1132(g)(E). Further, Plaintiffs request that after the audit, the Court enter

a judgment against Defendant for the contributions found to be owed, along with the interest, liquidated damages, and attorney's fees and costs permitted by statute. "Court-ordered financial audits like the one requested here are permissible to determine the precise amount of delinquent contributions owed to Plaintiffs." *Leo Constructing, LLC*, 2024 WL 659346 at *6 (internal quotations and citations omitted).

The Court will grant this request and order Defendant to comply with an audit by producing all necessary information to Plaintiffs within thirty (30) days of the issuance of this Opinion. After completing the audit, Plaintiffs shall notify Defendant of any amounts found to be owing, including contributions, interest on unpaid contributions, and liquidated damages as allowed per 29 U.S.C. § 1132(g). Within ten (10) days of receiving the audit results, Defendant must remit to Plaintiffs all amounts due and owing. If Defendant does not pay Plaintiff the amounts found owing, Plaintiffs shall petition the Court for judgment to be entered against Defendant for all contributions, interest, and liquidated damages then owing, together with an application for attorney's fees and costs.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 7) is **GRANTED**.

An order consistent with this Opinion will be entered.

August 15, 2024

KAREN M. WILLIAMS, U.S.D.J.