**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>A&R FENCE AND GUIDE RAIL LLC,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-21608 (KMW-SAK)<br><br>**OPINION** |

APPEARANCES:

RICHARD J. DEFORTUNA, ESQ.
MARKOWITZ & RICHMAN
123 S. BROAD STREET, SUITE 2020
PHILADELPHIA, PA

    *Counsel for Plaintiffs*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

Teamsters Pension Trust Fund of Philadelphia and Vicinity, Teamsters Health & Welfare Trust Fund of Philadelphia and Vicinity, and Maria Scheeler (collectively "Plaintiffs"), brings this action against Defendant A&R Fence and Guide Rail LLC alleging that they violated Section 301 of the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. §§ 1132 and to compel Defendant A&R Fence and Guide Rail LLC's, (d/b/a A&R Fence & Guiderail, a/k/a A&R Fence and Guardrail), compliance with the terms of the collective bargaining agreements and trust agreements, as well as to collect unpaid fringe benefit contributions.    The Court previously granted Plaintiffs' Motion for Default Judgment, (ECF No. 7), issued on August 15, 2024.

This matter comes before the Court today on Plaintiffs' Motion to hold in Contempt, (ECF No. 17).    To date, Defendant has not filed an appearance nor responded to the Complaint or the instant motion.    For the reasons that follow, Plaintiffs' Motion for Contempt is **GRANTED**.

## II.    BACKGROUND

Defendant was and is currently a signatory to a collective bargaining agreement with Local 676, and since May of 2022, Defendant has refused to provide the documents required for Plaintiffs to perform an audit.    *See* Compl. ¶ 12.    To date, Plaintiffs have not received any of the requested documents, nor have they been able to perform an audit of Defendant's contributions.    *Id.* ¶ 15; *see also* M. for Default Judgment at 5.

On October 30, 2023, Plaintiffs filed a Complaint against Defendant.    ECF No. 1. Summons were issued and were returned executed, and on January 4, 2024, a Clerk's Entry of Default was entered.    ECF Nos. 3-4.    On August 15, 2024, the Court granted Plaintiffs' Motion for Default Judgment.    ECF No. 13.    Thereafter, Plaintiffs filed an Affidavit of Service showing

that Robert Esau, the Managing Agent of A&R Fence and Guardrail, LLC, received the Order

issued by hand delivery on August 21, 2024. ECF No. 15. On November 20, 2024, Plaintiffs filed

a Motion to hold in Contempt. ECF No. 17. On December 10, 2024, Plaintiffs filed three

Affidavits of Service indicating that Robert Esau was served with Plaintiffs' Contempt Motion as

Managing Agent and personally by hand and received the copy of Plaintiffs' motion on behalf of

his wife, Anna Esau. ECF Nos. 18-20.

### III.    LEGAL STANDARD

#### A.    Contempt

Before entering a finding of contempt, a court must "afford the Respondent due process

rights of notice and opportunity to be heard." *Int'l Union of Operating Eng'rs Local 825 Emple.*

*Benefit Funds v. Art Landscaping*, No. 16-2059, 2017 WL 5260781 at *2 (D.N.J. Nov. 13, 2017).

Due process is required to impose civil contempt sanctions because the sanctions are meant to

compel future compliance with a court order, are considered coercive, and avoidable through

obedience. *NLRB v. KRS Contrs. LLC*, No. 19-13887, 2021 WL 465301 at *3 (D.N.J. Feb. 9,

2021). Once due process has been afforded, a party seeking to have an adversary held in civil

contempt must establish by clear and convincing evidence[1] that:

1) there is a valid court order;
2) the adversary had knowledge of that order; and
3) the adversary disobeyed that order.

*Trs. of the Int'l Union v. J.T. Cleary, Inc.*, No. 17-5962, 2018 WL 1972790 at *1 (D.N.J. Apr. 26,

2018).

---

[1] Clear and convincing evidence is "defined as that which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts." *NLRB*, 2021 WL 465301 at *3 (internal citations and quotations omitted).

"[A]ll ambiguities must resolved in favor of the party charged with contempt." *Int'l Union of Operating Eng'rs Local 825 Emple. Benefit Funds*, 2017 WL 5260781 at *2. However, a party's behavior "need not be willful" to be found in contempt. *Laborers Loc. Union Nos. 472 & 172 v. Lucas Constr. Grp., Inc.*, No. 23-02825, 2024 WL 3568735 at *2 (D.N.J. Jul. 29, 2024). Where contempt is warranted, it is in the district court's discretion to fashion an appropriate remedy, including incarceration. *Trs. of the Int'l Union*, 2018 WL 1972790 at *1.

## IV.    DISCUSSION

Plaintiffs seek to hold in contempt Defendant for failure to comply with this Court's Order dated August 15, 2024, which ordered Defendant to submit or otherwise make available the books and records necessary to allow the Plaintiffs to perform an audit as directed. *See* Mot. for Contempt at 2.

First, there is a valid Court Order that exists in this case. *See* ECF No. 14. The Order directed Defendant to make available within thirty days of entry the payroll books and related records necessary to ascertain the amount of delinquent contributions due and owing for the period between January 1, 2020 through December 31, 2021, among other fees, costs, and delinquent payments due and owing. *Id.*

Second, the Court is satisfied that Defendant has knowledge of the Order. Plaintiffs have filed Affidavits of Service that demonstrate that Defendant received adequate notice of the Order: Robert Esau, as Managing Agent, and personally, was served by hand the Order of the Court, and he also received the Order on behalf of his wife, Anna, who is Defendant's sole managing member. ECF No. 15. Plaintiffs also sent a copy of the Order by First Class and Certified Mail. ECF No. 16. Although the Certified Mail copy was returned as "Unable to Forward," the First Class Mail was not returned and can be presumed delivered to Defendant as well. *Id.* Additionally, the Court

held an Order to Show Cause hearing, requiring Defendant to appear and demonstrate why it should not be held in civil contempt for violation of this Court's August 15, 2024 Order, which Defendant did not attend. Defendant was given sufficient notice of this hearing. *See* Affidavit of Service, (ECF Nos. 23, 24) (showing Anna Esau was served the Oder to Show Cause issued by this Court on July 8, 2025).

Third, Defendant has disobeyed this Court's Order dated August 15, 2024, in that it has yet to turn over any records necessary for Plaintiffs to perform the audit that was ordered. There is nothing in the record to suggest that Defendant could not comply with the August 15, 2024 Order, nor is there any indication of any attempt by Defendant to satisfy the Order. *See* Mot. for Contempt at 3-4.

Defendant has been provided ample opportunities to appear before the Court to address this matter, and because Defendant has failed to appear or contact the Court despite such opportunities to do so, the Court finds by clear and convincing evidence that Defendant is in civil contempt of a valid court order. Therefore, the Court finds that coercive measures are necessary to compel compliance with the Court's August 15, 2024 Order.

Next, the Court must decide the appropriate remedy for Defendant's noncompliance. Coercive actions are considered "forward looking, purposed to bring a defiant client into compliance with a court order." *Laborers Loc. Union Nos. 472 & 172*, 2024 WL 3568735 at *3. To achieve compliance, courts may impose "an indeterminate period of confinement, which may end only by the contemnor's ultimate adherence to the court order; levy a fine of a specified amount for past refusal to conform to the [order], conditioned . . . on the defendant's continued failure to obey; or specify that a disobedient party will be fined a certain amount for each day of non-compliance." *Id.* (internal citations and quotations omitted).

Here, Plaintiffs seek a "prospective compliance fine," of $1,000.00 per day for the first ten (10) days after Defendant's receipt of the Court's Contempt Order, which would be returnable to Defendant with timely compliance, and $100.00 per day after the expiry of the ten (10) day time period for compliance as set by the accompanying Order to this Opinion, as well as attorneys' fees and costs as compensation for Defendant's failure to comply with the August 15, 2024 Order.

The Court finds that based on Defendant's continued recalcitrance warrants the imposition of a fine in the amount of $100.00 per day, beginning upon the issuance of this order and continuing until Defendant to submit or otherwise make available the books and records necessary to allow the Plaintiffs to perform an audit as directed. *See Bonomo v. Citra Capital Mgmt., LLC*, No. 11-4409, 2016 WL 7428794 at *3 (D.N.J. May 17, 2016); *Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 494112 at *3 (D.N.J. Feb. 17, 2022) ("[i]n civil contempt proceedings, the classic example of a coercive fine is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.") (internal citations and quotations omitted). Further, the Court "cautions Defendant[] that if coercive finds and costs prove ineffective in compelling their compliance with the Court's orders, the Court may impose incarceration to compel" Defendant's compliance in this matter. *Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491 at *6 n.9 (D.N.J. Aug. 12, 2022).

As to awarding attorneys' fees and costs, the Court finds that an award of fees and costs are appropriate, as the costs of bringing the violation to the attention of the Court is part of the damages suffered by the prevailing party. *Victory's Dawn, Inc.*, 2022 WL 494112 at *3. "Significantly, in the contempt context, fee awards must relate to the contemnors' violative conduct and must not exceed the actual damages caused by that conduct." *Id.* (internal citations omitted). However, Plaintiffs have not provided the evidence required for the Court to calculate

the propriety of fee awards using the lodestar method. *Id.* Therefore, the Court will permit Plaintiffs to submit a filing on the docket with the evidence required for the Court to conduct its review of the propriety of fees and cost within thirty days of entry of this Opinion.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Contempt, (ECF No. 17), is **GRANTED**. An order consistent with this Opinion will be entered.


July 23, 2025                                        _____
                                                    KAREN M. WILLIAMS, U.S.D.J.